## THE MEE TOO.

(District Court, S. D. Florida. April 12, 1922.)

No. 1310.

**Maritime liens ⟨⟩61—Delay of year held not such laches as to defeat lien.**

A delay of a year before bringing suit to enforce a lien for money advanced for repairs *held* not to defeat the lien as against a purchaser who completed payment of the purchase price after the suit was commenced.

In Admiralty. Suit by Robert Auman against the Yacht Mee Too; Robert D. Moore intervening lien claimant. Decree for libelant and intervener.

Stanton Walker, of Jacksonville, Fla., for libelant.

Butler & Boyer, of Jacksonville, Fla., and Bobst & Spates, of Miami, Fla., for claimant.

CALL, District Judge. On March 17, 1921, Robert Auman filed a libel against the Mee Too, a gas vessel of some 50 feet in length, claiming a maritime lien for advances made to the owner for the purpose of making repairs to said vessel, then in the port of Jacksonville, in the sum of $1,000, on March 13, 1920. On the same date an intervention interesse suo was filed by Robert D. Moore, claiming a maritime lien for advances made on March 15, 1920, to the owner for like purposes.

Respondent interposed his claim as owner, and on November 3, 1921, after exceptions had been overruled, filed answers to the libel and intervention, in which it is alleged that he became owner of the vessel on March 14, 1921, without any knowledge of the claims of libelant and intervener and that libelant and intervener were guilty of such laches in attempting to enforce their claims as will defeat their recovery, and pray strict proof of allegations of libel.

Testimony was taken, and the case brought on for a hearing upon the libel, intervention, and testimony. There is a sharp conflict in the testimony as to circumstances under which the money was advanced; but, taking the interest of the parties testifying and the circumstances surrounding the parties, I find the issue in favor of the libelant and intervener as to this question.

If the money was advanced to the owner for the purpose of making repairs, there exists a maritime lien, and a maritime lien, once attaching to a vessel, follows said vessel, from its very nature, into the hands of a purchaser, unless it is lost by the laches of the lienor in enforcing said lien. The time expiring, before laches will be declared to bar the claim, differs according to the circumstances of each particular case. Where the interest of third persons intervenes, the time is shorter than where only the owner at the time of the lien attaches is concerned.

In the instant case one year and two days intervene between the time the lien attached and the filing of the libel. Does this delay constitute such laches as will bar the enforcement of the lien? I think not. On the testimony of claimant and his witness, it is apparent that, while the bill of sale was apparently executed March 14, 1921, and

⟨⟩For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

the contract of sale made in February, the consideration was not fully paid until May. The claim was interposed in this case on March 23d, after the libel was filed, and before the final payment of the consideration.

Under the conditions surrounding this case, I find that the delay in enforcing the liens is not such as to bar the enforcement of the maritime liens. There is a conflict in the testimony of libelant and the then owner as to the amount advanced. Upon this issue additional testimony should be taken.

A decree will be entered in favor of the libelant and intervener, declaring a maritime lien to exist in their favor; the amount of said lien in favor of libelant to be ascertained by a reference to the commissioner to take testimony on this issue and report same to this court.